FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR - 2 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| FINANCE EXPRESS LLC, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>NOWCOM CORPORATION, a California corporation; RUFUS HANKEY, an individual; WESTLAKE SERVICES, INC. d/b/a Westlake Financial Services, a California corporation; HANKEY INVESTMENT COMPANY, L.P., a California limited partnership; DON R. HANKEY, an individual; HANKEY GROUP, an unincorporated association; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. SACV07-1225 CJC (ANx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER RE: TREATMENT OF CONFIDENTIAL INFORMATION<br><br>Judge:     Hon. Cormac J. Carney<br><br>Trial Date: none set |
| NOWCOM CORPORATION, a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>FINANCE EXPRESS LLC, a Nevada corporation; and DAVID HUBER, an individual,<br><br>Counterdefendants. | |

Based on the accompanying stipulation of the parties, the Court enters this Protective Order regarding the treatment of confidential information.

## 1. DEFINITIONS

This Protective Order shall be applicable to and govern without limitation, all information, things or documents (or portions thereof) produced in response to discovery requests, answers to interrogatories, depositions, exhibits, motions, briefs, orders, stipulations and all other discovery taken, testimony, matters in evidence before the Court and other information a party or non-party ("Designating Party") responding to a subpoena reasonably and in good faith believes to contain trade secrets or other confidential, propriety, technical or commercial information. The treatment of all such documents and other information shall be governed by the terms of this Stipulated Protective Order. This Protective Order shall apply to the parties to this Proceeding and also to any other person producing or disclosing material in this Proceeding who agrees or is ordered to be bound by this Protective Order.

The scope of this Protective Order shall be understood to encompass not only those items or things in hard copy or electronic format, but also any information that can only be derived therefrom, and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

## 2. DESIGNATION OF "CONFIDENTIAL: ATTORNEYS' EYES ONLY MATERIAL"

A real or non-party may designate as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" any material that it supplies, discloses, produces, files or uses in connection with this proceeding that the Designating Party customarily would not disclose without a confidentiality or non-disclosure agreement, including trade secrets; other confidential and proprietary technical, research, or development

information; commercial, financial, budgeting and/or accounting information; information about existing and/or potential customers, marketing and branding studies, performance and projections, business strategies, decisions and/or negotiations, and/or pricing; and confidential and proprietary information about affiliates, parents, subsidiaries, and third parties with whom the parties to this action have had business relationships. "Confidential: Attorneys' Eyes Only Material" will be understood to include any material so designated, any information that can only be derived therefrom, and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

### 3. USE LIMITATIONS

Except as provided expressly herein, all discovery subject to this Protective Order, including, without limitation, any documents and information designated under this Protective Order as Confidential: Attorneys' Eyes Only Material, and all non-public information derived from such discovery, shall be used by the party receiving such discovery solely for purposes of, and only in connection with, the prosecution or defense of this lawsuit or related claims by the parties, and such discovery shall not be disclosed to anyone except as provided herein.

### 4. DISCLOSURE OF INFORMATION IN OTHER PROCEEDINGS

If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was designated "CONFIDENTIAL: ATTORNEYS' EYES ONLY" by someone other than that party, the party shall object to its production and give prompt actual written notice, by hand, facsimile transmission or email, within three (3) business days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material "CONFIDENTIAL: ATTORNEYS' EYES ONLY." Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce

such a subpoena, demand, or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this or any other court.

5. **CONFIDENTIAL: ATTORNEYS' EYES ONLY MATERIAL PRODUCED BY NON-PARTIES**

If, in the course of this action, information is sought from a non-party which would require such non-party to disclose and/or produce Confidential: Attorneys' Eyes Only Material, such non-parties may obtain the protections of this Protective Order by executing a copy of Exhibit A hereto and serving a copy of that Exhibit on each party to this action. No further order of the Court shall be necessary to extend the protections of this Order to non-parties.

A. **Designation of Confidential: Attorneys' Eyes Only Material**

Any person who produces, gives, serves, files, or otherwise provides Confidential: Attorneys' Eyes Only Material may designate such information as such under the terms of this Protective Order if it meets the definition stated in Paragraphs 1 and 2 above.

B. **Designation of Documents**

Documents, exhibits, briefs, memoranda, interrogatory responses or other materials (apart from depositions or testimony), either in hard copy or electronic format, may be designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" on each page of any document containing any Confidential: Attorneys' Eyes Only Material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.

### C. Designation of Deposition Testimony

Deposition testimony may be designated in whole or in part, as Confidential: Attorneys' Eyes Only Material by (i) oral designation on the record, in which case the person making the designation shall instruct the Stenographer to bind the designated portion of the deposition transcript separately and to stamp the words "CONFIDENTIAL: ATTORNEYS' EYES ONLY" on each transcript page so designated; or (ii) by written notice of such designation sent by counsel to all parties pursuant to Paragraph 6 below. During a deposition, the deponent or his or her counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed Confidential: Attorneys' Eyes Only Material. If any document or information designated as Confidential: Attorneys' Eyes Only Material is used during the course of a deposition, the portion of the deposition record reflecting such confidential information shall be sealed and stamped "CONFIDENTIAL: ATTORNEYS' EYES ONLY," and access thereto shall be limited pursuant to the other terms of this Protective Order.

### 6. SUBSEQUENT DESIGNATIONS

Documents, deposition transcripts, and other information may be designated as Confidential: Attorneys' Eyes Only Material pursuant to Paragraphs 1 and 2 above, after they have been produced without having been so designated in the following manner:

    (i) Counsel for the parties to whom such documents, testimony, or other information have been disclosed must be advised in writing of the new designation;

    (ii) The designation applies only as of the date and time of receipt of notice by each person notified;

(iii) Counsel for the parties receiving notice of newly designated documents, testimony or other information, shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any documents distributed inconsistent with such new designation, but shall not be responsible for any disclosure to non-parties occurring before receipt of notice described immediately above in Paragraph (i); and

(iv) Counsel for the Designating Party will provide counsel for the party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the designation.

7. **PERSONS TO WHOM "CONFIDENTIAL: ATTORNEYS' EYES ONLY MATERIAL" MAY BE DISCLOSED**

Materials designated "CONFIDENTIAL: ATTORNEYS' EYES ONLY" pursuant to this Protective Order, including copies thereof, extracts therefrom, compilations and/or summaries thereof and any information therein, may be revealed to the following persons:

(i) Any attorney who serves as counsel to any party in the above-captioned matter, and all legal assistants, stenographic and clerical employees working under the supervision of such attorney;

(ii) The parties' independent expert(s) or consultant(s), provided that any such person(s) or entity(s) complies with the procedure set forth in Paragraph 8;

(iii) Any person who was the author or specified recipient of the designated material;

(iv) The judge, magistrate, and their respective clerks and necessary support personnel;

(v) Any person (who is not an employee or otherwise affiliated with a party) providing graphics or design services for purposes of preparing demonstrative or other exhibits in this Proceeding, or any vendor providing

document management or other support services, or jury consultants, or professional mock jury providers, provided that any such person(s) or entit(y/ies) agrees to be bound by the Protective Order by signing a copy of the acknowledgment form attached as Exhibit A; and

  (vi) Any other person as to whom the parties first agree in writing, which agreement will not be unreasonably withheld.

8. **DISCLOSURE OF CONFIDENTIAL: ATTORNEYS' EYES ONLY MATERIAL TO EXPERTS AND CONSULTANTS**

  (i) If any party desires to disclose Confidential: Attorneys' Eyes Only Material to any consultant or expert pursuant to paragraph 7(ii) above, it must first identify in writing to the attorneys for the Designating Party each such consultant or expert.

  (ii) The writing shall be a facsimile, an email, or a first class mailing with facsimile or email confirmation. The identification of an expert or consultant shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, a listing of at least all other present and prior employments or consultancies of the expert or consultant in the automotive or lending fields, and a signed copy of Exhibit A. Additional information shall be provided upon request if available.

  (iii) The attorneys for the Designating Party shall have six (6) business days from receipt of such facsimile or email to object to disclosure of such information to the consultant or expert. The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the party objecting to the disclosure of Confidential: Attorneys' Eyes Only Material to the expert or consultant may move the court for an order proscribing the disclosure. Failure by the objecting party to move the court for an order within ten (10) days of its service of the original objection will be

deemed a waiver of its objections. On any motion challenging the disclosure of such information to an expert or consultant the burden of proof shall lie with the party objecting to the disclosure to establish that the information should not be disclosed to the expert or consultant. In the event objections are made and not resolved informally, disclosure of information to the expert or consultant shall not be made except by the order of the court (or to any limited extent upon which the parties may agree).

9. **FILINGS AND PROCEEDINGS INVOLVING "CONFIDENTIAL: ATTORNEYS' EYES ONLY MATERIAL"**

All Confidential: Attorneys' Eyes Only Material designated under this protective order, including documents, interrogatory responses, responses to requests for admission, depositions transcripts, or other information or material designated hereunder, to be filed under seal with the court shall be done in accordance with *Local Rule* 79-5.1. Pleadings, memoranda or other papers containing information or material designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall also be filed in sealed envelopes marked with the Claimant's and Respondent's name, the title of the paper which contains the information or material designated as Confidential: Attorneys' Eyes Only Material and a statement substantially in the following form:

**CONFIDENTIAL: ATTORNEYS' EYES ONLY UNDER PROTECTIVE ORDER**

**THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT.**

**THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER.**

(i) Any document or transcript designated as Confidential: Attorneys' Eyes Only Material that is lodged or filed with the Court shall be maintained under seal and shall be made available only to the Court and counsel for the parties, until further ordered by the Court;

(ii)  In the event the court denies the request to file said Confidential: Attorneys' Eyes Only Material under seal, the parties shall continue to treat the Confidential Information in all other respects as Confidential: Attorneys' Eyes Only Material governed under this protective order.

**10. RESOLUTION OF DISPUTES**

Whenever a party objects to the classification of a document or transcript as Confidential: Attorneys' Eyes Only Material, as defined in Paragraphs 1 and 2 above, it shall, in writing so inform the Designating Party. Once informed of an allegedly improper designation, the Designating Party has five (5) business days to respond and provide its bases for the asserted designation. The parties must thereafter conduct a good faith conference to discuss the continued validity of the asserted designation within three (3) business days after the basis for the continued, asserted designations are served. To the extent the parties are unable to reach an agreement as to the designation, the Objecting Party may make an appropriate application to the Court within three (3) business days after meeting and conferring with the Designating Party or, if the required conference between the parties does not take place, within five (5) business days after the basis for the continued, asserted designations are served, with confidential portions thereof to be kept under seal, requesting a determination that specifically identified documents, information, and/or deposition testimony afforded treatment under the provisions of this Protective Order should not bear the challenged designation. The Objecting Party's application to the Court will be in the form of a Joint Stipulation as described under *Local Rule* 37-2. Upon such application, the Designating Party asserting confidentiality bears the burden to establish same. Until the Court enters an order changing the designation of the document or transcript which is to be the subject of the application, it shall be afforded the Confidential: Attorneys' Eyes Only Material treatment described herein.

## 11. DISPOSITION OF "CONFIDENTIAL: ATTORNEYS' EYES ONLY MATERIAL" FOLLOWING CONCLUSION OF LITIGATION

The provisions of this Protective Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of this Proceeding, including without limitation any appeals therefrom. Within thirty (30) days after final disposition of this action and the expiration of time for all appeals, all originals and copies of a party's Confidential: Attorneys' Eyes Only Material (except as set forth in Paragraph (i) below) shall be either destroyed or returned to counsel for the respective party that produced such Confidential: Attorneys' Eyes Only Material, and any copies of electronic files transferred onto a computer hard drive will be erased. All extracts from Confidential: Attorneys' Eyes Only Material, summaries and compilations thereof, and all written, graphic, and recorded versions of information therein, shall be destroyed by each recipient of the material and a certificate of their destruction will be provided to the Designating Party. The termination of proceedings in this action shall not thereafter relieve the parties from the obligation to maintain the confidentiality of all Confidential: Attorneys' Eyes Only Material received pursuant to this Protective Order. Any Confidential: Attorneys' Eyes Only Materials received from non-parties will be destroyed by the receiving parties within thirty (30) days after the expiration of time for all appeals for this litigation.

   (i) Counsel described in Paragraph 7(i) above shall be entitled to retain Confidential: Attorneys' Eyes Only Material in the form of pleadings, correspondence, discovery requests and responses, deposition transcripts of its own client's witnesses, trial transcripts and exhibits, and attorney work product, provided that such counsel and employees of such counsel not disclose any such information and material designated as Confidential: Attorneys' Eyes Only Material contained in such pleadings, correspondence, discovery requests and responses, transcripts and exhibits, or attorney work

product to any person or entity except pursuant to a written agreement with the producing party of the information or material or unless compelled to do so by law.

      (ii)    All materials returned to the parties or their counsel by the Court likewise shall be disposed of or retained in accordance with this paragraph.

**12.** **CONTINUING OBLIGATION/RETENTION OF JURISDICTION**

This Order shall continue to be binding after the conclusion of this action, and the Court shall retain limited jurisdiction over the parties hereto for purposes of enforcing any obligations imposed hereby.

**13.** **USE IN HEARINGS BEFORE THE COURT**

In the event any information or material designated as Confidential: Attorneys' Eyes Only Material hereunder is used in any proceeding in this action or any appeal therefrom, such information or material shall not lose its status as Confidential: Attorneys' Eyes Only Material through such use. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any proceedings in this action.

**14.** **ACKNOWLEDGMENT OF JURISDICTION**

All counsel for the parties who have access to information or material designated as Confidential: Attorneys' Eyes Only Material under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

**15.** **NON-PARTIES**

In the event information in the possession or control of a party involves the confidentiality rights of a non-party, or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Protective Order. If the consent of the non-party cannot be

obtained, the party will notify the party seeking discovery of (a) the existence of the information without producing such information; and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

16. **INADVERTENT PRODUCTION OF "CONFIDENTIAL: ATTORNEYS' EYES ONLY MATERIAL" TO UNAUTHORIZED PERSONS**

Should any information designated as Confidential: Attorneys' Eyes Only Material be disclosed, through inadvertence or otherwise, to any person not authorized to receive same under this Protective Order, then the disclosing party shall use its best efforts to immediately (1) retrieve the Confidential: Attorneys' Eyes Only Material from the unauthorized person; (2) bind such person to the terms of this Order; and (3) notify the Designating Party of such disclosure. To bind the person to the terms of this Order, the disclosing party shall (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Designating Party; and (c) request such person to sign the agreement in the form attached hereto as Exhibit A. The executed agreement shall be promptly served by overnight mail upon the Designating Party. Notwithstanding the fact that the unauthorized party may agree to be bound by the provision of this Order, the disclosing party shall not disclose any further Confidential – Attorneys' Eyes Only Material to that unauthorized party.

17. **NO ADMISSION**

Adherence to this Protective Order in no way constitutes an admission by any party that: (1) any information provided in this action and not subject to this Protective Order is not proprietary or confidential or (2) any information received in this action and treated in accordance with this Protective Order is proprietary or confidential.

18. **CONFIDENTIALITY OF A PARTY'S OWN DOCUMENTS.**

Nothing herein shall affect the right of a Designating Party to disclose to its own officers, directors, employees, shareholders, and attorneys information that it has designated "Confidential: Attorneys' Eyes Only" that was created or owned by the Designating Party at the time of designation. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Designating Party the information becomes public knowledge (see paragraph 19 below). Similarly, the Protective Order shall not preclude a Designating Party from showing information it created or owned prior to designating such information "Confidential: Attorneys' Eyes Only" to its own officers, directors, employees, shareholders, or attorneys, which information has been filed under seal by the opposing party.

19. **PRIOR OR PUBLIC KNOWLEDGE**

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made.

20. **NO RELINQUISHMENT OF RIGHTS**

This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person, nor obligate any party or person to provide any discovery to which it asserts objections.

21. **MODIFICATION**

It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pre-trial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other party hereto for

good cause. In the event such an application is made, all persons described herein shall be bound by this Protective Order until it is modified by the Court.

IT IS SO ORDERED.

DATED: February 14, 2008

_____
Hon. Cormac J. Carney

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| FINANCE EXPRESS LLC,<br><br>Plaintiff,<br><br>v.<br><br>NOWCOM CORPORATION *et al.*,<br><br>Defendants.<br><br>and related Counterclaims. | CASE NO. SACV07-1225 CJC (ANx)<br><br>**AGREEMENT CONCERNING INFORMATION COVERED BY THE PROTECTIVE ORDER**<br><br>Judge:   Hon. Cormac J. Carney<br><br>Trial Date: none set |

I, _____, hereby acknowledge the following:

1. I have received a copy of the Protective Order entered in this action by the United States District Court for the Central District of California (hereinafter, "the Order");

2. I have either read the Order or have had the terms of the Order explained to me by an attorney;

3. I understand the terms of the Order and agree to comply with and to be bound by such terms;

4. I may receive documents or information designated as **"CONFIDENTIAL: ATTORNEYS' EYES ONLY"** and understand that such information is provided to me pursuant to the terms and restrictions of the Order,

5. I agree to hold in confidence any information disclosed to me pursuant to the terms of the Order, and

6. I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Order. My address is _____.

My present employer is _____.

Signature: _____ Date: _____